**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| | Jointly Administered |
| CLINTON NURSERIES, INC., ET AL.,[1] | Case No. 17-31897(JJT) (Lead) |
| Debtors. | |
| CLINTON NURSERIES, INC., | Adv. Proc. No: 19-_____ (JJT) |
| Plaintiffs, | |
| vs. | |
| NURSERY SUPPLIES, INC., | |
| Defendant. | |

**ADVERSARY COMPLAINT**

Clinton Nurseries, Inc., Clinton Nurseries of Maryland, Inc., Clinton Nurseries of Florida, Inc., and Triem LLC,[2] hereby bring the following adversary complaint, upon information and belief, against Nursery Supplies, Inc. (the "Defendant").

**JURSDICTION AND VENUE**

1.  This Complaint initiates an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(1). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) because the claims asserted herein are related to a case filed under the Bankruptcy

---

[1] The chapter 11 cases of Clinton Nurseries, Inc. ("CNI"), Case No. Case No. 17-31897, Clinton Nurseries of Maryland, Inc. ("CNM"), Case No. 17-31898, Clinton Nurseries of Florida, Inc. ("CNF"), Case No. 17-31899, and Triem LLC ("Triem"), Case No. 17-31900, are jointly administered under Case No. 17-31897.

[2] CNI, CNM, CNF, and Triem are collectively and/or individually referred to as "Debtors" or "Debtor" as applicable. The term "Plaintiff" shall refer to each of Debtors that made a payment to Defendant within the 90 days prior to the Petition Date (as defined below) as set forth on Schedule A hereto.

1

Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

2. Pursuant to 28 U.S.C. §§ 157(b)(2)(F), (H) and (O), this matter is a core proceeding (avoidance actions and claim disallowance arising under the Bankruptcy Code).

3. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the U.S. Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") was and remains proper because, *inter alia*, the Bankruptcy Case (as defined below) is pending in that district.

4. Plaintiffs consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Pursuant to the Bankruptcy Court's *Order Granting The Official Committee of Unsecured Creditors' Motion for Authority and Standing to Prosecute Causes of Action on Behalf of Debtors' Estates* (Bankruptcy Case ECF No. 824, the "Authorization Order"), the Official Committee of Unsecured Creditors of the Debtors (the "Committee") has been authorized and designated as a proper estate representative to pursue the claims set forth herein. The Debtors bring this action because the Defendant is a member of the Committee.

## PARTIES TO THE ACTION

6. The Plaintiffs are the Debtors in these cases.

7. Defendant received the transfers set forth on Schedule A hereto from one or more of Debtors, and has a place of business at 1415 Orchard Drive, Chambersburg, PA  17701

## FACTS AND BACKGROUND

8. On December 18, 2017 (the "Petition Date"), Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, New Haven Division. The case was then transferred to the Hartford Division.

9. Since the Petition Date, Debtors have continued in possession and management of their businesses and property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

10. On January 4, 2018, the United States Trustee, pursuant to Bankruptcy Code § 1102, appointed the Committee. Bankruptcy Case ECF No. 50.

11. CNI acts as an operating wholesale plant nursery, as well as a holding company for its wholly-owned affiliates, CNM and CNF. Both CNM and CNF are also wholesale plant nurseries.

12. The additional debtor, Triem LLC, owns a single-family residence in Connecticut, and real estate in Maryland, from which CNM operates, in part.

13. Collectively, CNI, CNM and CNF employed over 200 people as of the Petition Date.

**COUNT ONE:**
**Avoidance and Recovery of Preference Payment**
**Pursuant to Bankruptcy Code §§ 547(b), 550, and 551**

14. Paragraphs 1 through 13 are incorporated by reference into this Count as if fully set forth herein.

15. One or more of Debtors made the transfers set forth on Schedule A, which are incorporated by reference and made a part hereof, to Defendant within 90 days of the Petition Date (the "Transfers").

16. Debtors whose funds were used to pay Defendant made the Transfers while insolvent.

17. Debtors were insolvent during the 90-day period immediately preceding the Debtors' Petition.

18. Defendant was the recipient of the Transfers or the party for whose benefit the Transfers were made.

19. The Transfers were made on or within ninety (90) days of the Petition Date.

20. The Transfers constitute transfers of an interest in property of one or more of the Debtors, whose funds were used to pay the Defendant.

21. The Transfers were for or on account of an antecedent debt owed to or for the benefit of Defendant in that they were made to satisfy a payment requirement and/or obligations previously incurred by one or more Debtors to the Defendant.

22. The Transfers enabled Defendant to receive more than it would have received if (a) the Debtors' cases were cases under Chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant had received payment of such debts to the extent provided by the provisions of the Bankruptcy Code.

23. Pursuant to Bankruptcy Code §§ 547(b), 550(a), and 551, Plaintiffs are entitled to avoid and preserve the Transfers, obtain an order directing that the Transfers be set aside, and recover the Transfers, or the value thereof, from Defendant, plus interest.

**COUNT TWO**
**Claim Disallowance Pursuant to Bankruptcy Code § 502(d)**

24. Paragraphs 1 through 23 of the Complaint are incorporated as the corresponding paragraphs of this Count, as if fully set forth herein.

25. Pursuant to Bankruptcy Code § 502(d) and Fed. R. Bankr. P. 3007, Defendant's claim asserted and/or Proofs of Claims filed against Debtors or their respective estates should be disallowed in their entirety.

WHEREFORE, Plaintiffs prays for the following relief:

1. Money damages;

2. Pre-judgment interest;

3. Post-judgment interest;

4. Avoidance of all Transfers, an order directing that the Transfers be set aside, and recovery of the Transfers, or the value thereof;

5. As to Count Two, disallowance of claims and Proofs of Claims;

6. Such other relief as the Court may deem just and proper.

Dated at Bridgeport, Connecticut, this 18th day of December, 2019.

CLINTON NURSERIES, INC., ET AL.

/s/ Eric Henzy
Eric Henzy (Federal Bar No. ct12849)
ehenzy@zeislaw.com
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06605
Tel. 203-368-4234
Fax 203-367-9678
Their Attorneys

## SCHEDULE A

**PAYMENTS MADE BY CLINTON NURSERIES, INC.**

| Check Number | Check Date | Payee | Check Amt |
|---|---|---|---|
| 001466 | 11/16/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001438 | 11/9/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001404 | 11/1/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001344 | 10/26/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001305 | 10/16/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001263 | 10/13/2017 | Nursery Supplies, Inc. | $ 6,000.00 |
| 001244 | 10/3/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| 001192 | 9/20/2017 | Nursery Supplies, Inc. | $ 3,000.00 |
| | | **Total** | **$ 27,000.00** |